# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 20, 2011

## STATE OF TENNESSEE v. STEVEN CHANCE

**Appeal from the Circuit Court for Dickson County**
**No. 22C-2009-CR-3     Robert E. Burch, Judge**

---

**No. M2010-02283-CCA-R3-CD - Filed July 29, 2011**

---

The defendant, Steven Chance, pleaded guilty in the Dickson County Circuit Court to one count of driving under the influence of an intoxicant, first offense. Pursuant to the plea agreement, the trial court sentenced the defendant to a term of 11 months and 29 days suspended to probation after the service of 48 hours' incarceration. The trial court also waived as a condition of probation the defendant's payment of fines and completion of community service hours. A probation violation warrant issued alleging that the defendant failed to pay the court and probation costs. The trial court revoked the defendant's probation and extended it for one year to allow the payment of the costs. On appeal, the defendant contends that the trial court lacked authority to extend his probationary term. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and D. KELLY THOMAS, JR., JJ., joined.

Steven Chance, Whiteville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Dan S. Alsobrooks, District Attorney General; and Kelly Jackson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Our review of the defendant's appeal is hampered by a less than sufficient record. From the record before this court, we discern that the Dickson County grand jury, in a nine-count indictment, charged the defendant with driving under the influence, violation of the implied consent law, driving on a revoked license, reckless driving, failing to exercise

due care, violation of the safety belt law, failing to provide proof of insurance, failing to provide proof of registration, and failing to yield to blue lights, all arising from a July 27, 2008 incident.

The defendant filed numerous motions, including motions to dismiss and motions to "excuse" two trial judges, before ultimately pleading guilty to driving under the influence, first offense, in exchange for a dismissal of the remaining counts.[1] Per the plea agreement, the trial court sentenced the defendant to 11 months and 29 days' probation following the service of 48 hours' incarceration. The trial court also waived the payment of all fines and the completion of community service as conditions of probation. The judgment reflects, however, that the defendant was still responsible for the payment of costs and probation fees. The judgment was entered on June 23, 2009, and amended on August 14, 2009, to properly reflect the waiver of fines and community service.

On June 18, 2010, a probation violation warrant issued alleging that the defendant had violated the conditions of his probation by failing to pay costs and probation fees totaling, at that time, $817.50.[2] On September 29, 2010, the trial court revoked the defendant's probation because of his non-payment of costs and extended the defendant's probationary term for one additional year to allow payment of the costs.[3] The defendant filed a timely pro se notice of appeal on October 18, 2010.

On appeal, the defendant contends that the trial court lacked authority to extend his probationary term for one additional year and that, by doing so, the trial court changed his original plea agreement. The State contends that the trial court's revocation is presumed correct because the defendant failed to provide an adequate record to facilitate this court's

---

[1] Prior to pleading guilty, the trial court appointed counsel to represent the petitioner. The transcript of evidence contains no pleadings filed by appointed counsel. It does contain, however, a pro se motion to "excuse" counsel which apparently was never ruled upon by the trial court. The judgment reflects that the defendant was represented by counsel at his guilty plea.

[2] The defendant learned of the warrant while incarcerated at the Hardeman County Correction Facility where he remains incarcerated to this date. The nature of his convictions giving rise to this incarceration are not apparent on the record before the court. We do note, however, that this court recently affirmed a denial of habeas corpus relief addressing issues related to various felony convictions the sentences of which will not expire until July 12, 2012. *See Steven R. Chance v. State*, No. M2010-02443-CCA-R3-HC (Tenn. Crim. App., Nashville, June 29, 2011) (Rule 20 Memorandum Opinion).

[3] Because the defendant failed to include in the record on appeal the transcript of the revocation hearing, it is unclear from this record whether he was represented by counsel at the revocation proceedings. Indeed, the trial court's revocation order reflects that a copy of the order was provided to the defendant only, and the notation that one was provided to defense counsel was stricken.

review. The State also notes that the trial court could extend probation for up to two years pursuant to Tennessee Code Annotated section 40-35-308(c).

Although we agree that the defendant has failed to provide an adequate record on appeal, we note that within defendant's notice of appeal is a request for the transcript of the June 23, 2009 plea submission hearing. The trial court clerk did not prepare and transmit the plea submission hearing transcript. Nevertheless, that transcript would not have provided any information pertinent to the revocation. Furthermore, the defendant did not request a transcript of the September 29, 2010 revocation hearing, which would be necessary to this court's review. In the absence of the transcript, we must presume that the trial court's revocation was correct. Furthermore, on the precise issue of the trial court's authority to extend the probationary term, we agree with the State that Code section 40-35-308(c) allows for such action. *See* T.C.A. § 40-35-308(c) ("Notwithstanding the actual sentence imposed, at the conclusion of a probation revocation hearing, the court shall have the authority to extend the defendant's period of probation supervision for any period not in excess of two (2) years."). Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE